Case number 16-7077, Jennifer B. Campbell v. District of Columbia A Municipal Corporation Appellant, Wayne Turnage In his official capacity as Director District of Columbia Department of Health Care Finance Ms. Johnson for the Appellant, Mr. Podell for the Appellant You scared off the court I thought they were here to see me Good morning Good morning, may it please the Court Holly Johnson for the District of Columbia I would like to reserve three minutes for rebuttal Ms. Campbell's Due Process Theory invites any employee with a Reputation Plus claim to avoid the most difficult elements of those claims Proof of falsity and proof of the defendant's publication We therefore ask that this whole court hold either that speech, and by speech I mean telling the public the reason for an employee's termination is actionable only under the Reputation Plus framework or hold that if there is a stand-alone stigma or foreclosure claim based on that that it requires absolute destruction of the right to work It can't simply be some sort of delay or difficulty in finding employment When did you first make this argument in this litigation? We argued that there was insufficient evidence to support That's not this argument I think that we argued this sufficiently at the trial level Where? In the close of the plaintiff's evidence What language? The language that we used was we said that this type of claim requires a different type of disability and then we gave examples losing your bar license, losing your security clearance Again at the close of evidence we said it's a different type of hurdle It wasn't just a different type of injury  So there's, as I take it, two You said proof of falsity and also the scale of the destruction of right to work and I think as I read it you're pointing to parts of the record that talk about the second that talk about the extent to which the person was disabled or stigmatized from the field but what about your preservation of the point that if the speech is not found to have been true, then it can I mean, not found to have been false, then it can't be relied on The two rights argument Yes, I understand Where is it? I mean, we're all having the same problem Where is it? We can't find it as 50A requires You have to raise it before the jury and you have to raise it after I think that the trial counsel's analysis offered both When it started talking about the type of hurdle and the type of disability which is different from the effect of the disability which she talked about separately I think that adequately covered both And trial counsel was dealing with a novel legal question This is a purely legal question This was not a question which additional evidence was going to be produced if it was articulated more clearly And she was dealing with the fact that this court has not Well, I don't know about that Because if the question is was what Mr. Turnage said true or false we have a record that what he said was that there were allegations and we have a record showing that there were in fact allegations We don't have a record showing whether the conduct that was alleged occurred or not So the truth or falsity of the facts that the allegations implied We don't have a record on that Well, I think that first of all that issue would go both to the question of reputation plus because what Ms. Campbell argued was that the allegations It's hard to use the word allegations of allegations but that's what we're talking about here The allegations versus underlying facts Right What the speech was on the part of the district was an allegation of the underlying facts And the jury said nothing The jury said that that claim failed presumably because what Mr. Turnage said was true But what Mr. Turnage said was I have allegations I've heard reports I have allegations I've heard reports The jury may have said yeah all that's true without passing on what Ms. Campbell the underlying facts that were alleged There's two different ways to read the jury verdict That's the easiest way to reconcile the otherwise seemingly somewhat inconsistent Oh, I see no inconsistency in the verdict and we're not arguing that there's an inconsistent verdict In fact, the reputation plus verdict is largely irrelevant to the question here except that it is illustrative of what can happen in these situations And even if the speech involved allegations or claims that allegations had been received rather than claims that allegations had been sustained that's still speech It's still a question of whether it is true or false And the public still there's still value in the transparency of the government telling the public the basis of the reasons for action There's also a lot of value in when you're investigating what an employee has been up to in talking to that employee It's really striking that this whole problem could have been avoided had the district heard Ms. Campbell's side of the story It's really hot water that the district got itself into now But what we're dealing with here is a question of constitutional violation But the Constitution isn't a code of general civility or even of best practices We know that a high-level professional is losing her job based on allegations from people outside the government And Turnage does an investigation She said, I completed my investigation None of that included whether pre- or post-firing Talking to Ms. Campbell? Well, he then submitted the information to the Office of Inspector General He didn't propose that he was doing all of the investigation on the power act Oh, but he's taking personnel action Yes, he is, and she's an at-will employee This is a due process claim based on a liberty interest for an at-will employee So, under a reputation I mean, the truth requirement is established under the Reputation Plus theory The question is whether it's necessary or whether you can bring a stigma or foreclosure claim based on exactly the same conduct the same speech telling the public the reason for an employee's termination It's a pure question of law It's a novel theory The law is, at best, murky here You rely on, as best I can tell a single line from O'Donnell That's your case Your legal theory rises or falls There's more than that Well, it's more than that And so, I have a difficult time finding where, in the trial you made this argument before your 50B motion The trial was all about the temporary jars the temporary job she obtained barred stigma the two-year unemployment was not enough to make out a stigma claim That's what your trial was about That's what your arguments your 50A arguments I think, for the most reason Could you give us where you think Judge Pillard was right Wait, let me just explain Of course I read the same way she did and I think Judge Griffith, too Your argument at the 50A stage was the scale of destruction kind of an argument I find nothing raising the two-bites argument which is a distinct theory and under Unitherm you have to raise your arguments 50A and 50B otherwise they are gone and we have no authority to attend to them they're gone and the law is very clear on that So we're all asking you where was it preserved by your raising it specifically in 50A and then re-raising it I can't find it What's your best shot in the record? I've given it to you It's JA-417 If this Court's not persuaded by that I don't want to belabor the point and waste more time when we can talk about the second argument because the second argument is indeed as or more strong than the first argument Help us out with that the second argument about whether this counts as stigma disability under that theory Yes, if this Court is going to recognize a stand-alone stigma or foreclosure claim based on truthful government speech then that foreclosure must amount to a change in legal status This is no longer the reputation plus claim The reputation plus claim failed It must amount to a change in legal status And it's not just the O'Donnell case that talks about this What O'Donnell and now Crooks which had not come out at the time of trial say is that well, you can't establish that if you found work in your chosen field You just can't But that's not the only law about what is sufficient to establish that complete foreclosure I think GE perhaps provides the most compelling language about what needs to be established It says that you must demonstrate that the government action completely foreclosed employment If it's a company action the company was effectively put out of business And it refers to harms approaching in terms of practical effect formal exclusion from a chosen trade or profession Why two years? You focus on two years What's magical about two years? Two years means nothing Two years is what she had What's the guideline that we should follow then? If she cannot establish permanency If she cannot establish that her ability to obtain work that she's been wiped out from ability to work in that field then at the time of trial I understand there's no certainty at that point But if at the time of trial a plaintiff cannot show it's more likely than not that they are barred from their chosen field For life? For life? Permanently? I'm going to say I don't know the answer to that Well, that's kind of an important answer It is an important answer But again, we're looking at novel law here We've never seen a case like this go to trial But certainly So it's novel It's novel So how are we supposed to draw the line? It should look at other cases It should look first of all at O'Donnell and Crooks In both of those cases this court said once a person found a job they could no longer bring that claim The evidence here just to push you on what I understand is a tough question This is at a time when there's   health access and health policy field Here's somebody who's at the, you know Ph.D. top of her game top of her game top of her game position in the district government without this action is there any question that she would have been snapped up with the experience that she had by another employer She's been teaching at the universities around that stops So it looks a lot like a blackball    the jury instruction on what the jury found Well, this is our concern I think I think I think I think I think I think I think I think the jury's concern you speak from what you think what you think would be like and she didn't offer any expert evidence or anything like that and Well, all those facts are in the record in this testimony Some facts About her career but not facts about the market facts about her career facts about the market are not in the record And I will note we did not We did not move on causation for a directed verdict I'm not seeking that here But if you look at the paucity of evidence and you look at what a holding of a delay in finding employment would mean in future cases it becomes very problematic She was highly specialized  for work in a highly specialized field It often can take someone two years to find work in their field And in O'Donnell and again in Crooks this court has held that when you find work in your field you obviously weren't so stigmatized that you can't find work in your field In those cases it doesn't talk about the amount of time it took And the rest of the cases that refer to foreclosure refer to it in terms of permanency And I don't know 50 years 20 years maybe there would be a case that would come closer But it refers to it as foreclosure formal Is the plaintiff supposed to wait 40 years to bring that claim? Not at all The plaintiff is supposed to put on evidence at the time of trial If the plaintiff goes to trial six months after the event And what was the evidence she put on here? She put on evidence that some people weren't returning her calls, that her contract with the university for teaching wasn't renewed, and that she was able to find part-time work for two years and then was able to find full-time work That's the only evidence that she put on And what 90 or 95 percent of her inquiries went unanswered for employment Did she have some testimony on that? I apologize if I don't know the details on that testimony My point is that it doesn't matter because she found work And there may be a case where we question the sufficiency of evidence And the work you're focusing on is at the end of two years, not the temporary employment Because the district court judge found that was not in her field That's irrelevant here, right? I don't know whether it's irrelevant, but you're correct about what we're focusing on What did Crooks say something like forever? Am I forgetting something? Crooks did not say the word forever, but it did, again, say that he found work and therefore that was foreclosed I will note that Crooks went on to say that he might not have been foreclosed with government work which is a different type of foreclosure But that's not at issue here With regard to his ability to work in his chosen field, Crooks said he found a job And I'm not suggesting to this court that he  foreclosed  government work But I do want to note that this court has been careful to draw the line and not just require the government to provide a name clearing hearing in every case And it's done that for a reason The name clearing   for a reason The question of whether the government could and what the burden is that comes after the question of whether a right has been infringed The question here under the stand alone stigma foreclosure claim is whether her right to work was barred The equivalent of formal debarment That's the language that we're looking at The equivalent of being put out of business Or informally It doesn't have to be just formal Correct Oh yes We're definitely talking about informally here We're not talking about a formal debarment But it says effectively similar to formal debarment The same effect And that was not established here And Crooks and O'Donnell provide clear guidance And there may be some case that in the future expands on this further But certainly on this record with this evidence that she found work in her chosen field within two years That she wasn't looking any further That she was content with what she found That's insufficient to rise to the level of a due process violation Else this court will be constitutionalizing a lot of personnel law We'll give you back two minutes Thank you Good afternoon and may it please the court I'm David Codell and I'm here on behalf of the appellee Jennifer B. Campbell along with my colleagues from Allen and Associates I'm going to begin actually with the second point that we were just addressing and then I'll return to the first point about whether they had adequately raised their arguments to begin with about the stigma plus On the issue of the two year period and how to draw the line I think it's very important to bear in mind that the type of harm that's being talked about in the cases is not a complete bar to ever working again or even a complete bar to working in some kind of industry The language in the cases talks about being unable to find work in your career or in your profession and if you look carefully at most of the sentences in the district's briefing they don't say career they say industry they don't say profession they say field Even if you say profession or field or career this individual was someone who had been in a broad range of health care medley of different kinds of health care positions and it's not like someone who was a health care accountant in Medicaid Her career had a broad arc She had moved forward in her career let me give you an example and then come back to her Let's say you have been in public education for decades and finally you started as a substitute teacher then you became a teacher then you became an assistant principal and you kept rising up and finally you became a superintendent and then you were terminated and you couldn't find anything comparable to that career the career of being a superintendent And then you became an undersecretary A substitute teacher perhaps But we're talking about the mitigation looks at what someone's making and is it a high level position and I don't think there's any dispute here that she reentered the field Well except that I think the relevant issue as to whether you have a cause of action mitigation might go to what the remedy is but as to whether you've created a cause of action I don't think that the inquiry is simply whether you're in the same field or the same industry I think it's whether you  very material way been unable to reestablish you've been unable because of the action So what's the line you're proposing? I mean we as a court have to think about what's the future implication of what we're doing here What is the standard in light of this case that you think that we should adopt? The first thing I would say is this will often turn out to be a fact issue but of course like many fact issues What is the standard that we apply to the facts? I think the standard should be that if the government's action in combination with terminating you has such an effect on your profession or your professional success for whatever amount of time is meaningful from being part of that profession then you have experienced a due process right Bear in mind Now wait Now we do have some case law Now that's not what Crook says Crook says an individual must suffer a binding disqualification from work or broad preclusion from his or her chosen field and cited in some other cases and that's very different from what you just said Except that Crook's Crook's is simply silent on the length of time Shouldn't you know about the Cartesila v. Department of State case? Yeah So let's just say for example that you got disbarred That doesn't mean you can't ever reapply to the bar after a seven year period or something In other words it can't be a requirement that you have to be out forever I think what would have to be is that you are out for a meaningful amount of time and yes that is going to be hard Meaningful time I would say to the jury in the jury's estimation that you have been out for  amount of time I do think this comes down in part to the relief question Bearing in mind that this is all based on a set of facts in which there  failure to give you due process in the first place I'd like to talk a little bit about the question this court began with about whether the district adequately raised its arguments about the stigma plus jury instructions I do want to just start by saying that in this argument when the district's attorney was asked for a record site the best record site they gave JA417 and that page appears to me to be about the two year issue and not to be about the issues that this court was asking about I want to just walk through a couple of things about the record in this case and I want to focus on the jury instruction  stigma plus case because that jury instruction was proposed in large part by the district itself so in joint appendix page 104 this jury instruction the district of Columbia proposed that the stigma plus instruction includes the language if she can show that the government took action that has the effect of seriously affecting if not destroying her ability to pursue her chosen profession or substantially reducing the ability  her chosen profession they misstated the law that is an error that they invited by affirmatively proposing that language and that would mean that this court would need to go to the plain error standard and then also there is another exchange where that jury instruction is being discussed by the judge with counsel Ms. Knapp on behalf of the district of Columbia asked that rather than saying that the plaintiff was harmed by the termination that that phrase should say and the publicity surrounding it. So in other words it was the district itself that asked that the issue of publicity be included as an element that could suffice to cause the harm. Where are you? Joint appendix 629 lines 16 through 17. The final jury instruction ended up using the word press instead of publicity but that inclusion came at the suggestion of the district of Columbia. I also think it's very relevant to note that in their briefs in this court they wax on repeatedly about the first amendment and speech as though adopting the stigma plus rule that would enable this court to uphold the jury's verdict here would impose a severe first amendment risk to governments. I encourage the court however to do a word search in the entire joint appendix for the phrase first amendment. I have done it on my computer. The first amendment is not mentioned anywhere in any materials in the joint appendix. I also searched for a couple of abbreviations for first amendment, never saw it. The argument that they're trying to raise here that this poses some grave first amendment problem has never been made before in this case. It really is a waived argument. I'd also like just briefly to indicate some ways in which that argument is an exaggeration about the burden that would be imposed. Let me just ask you this same question in another way. You can think of it as a claim that was forfeit. They also did not challenge causation, you know, whether it was the failure of to give her a name clearing hearing that caused her the trouble or whether it was her conduct that caused her the trouble, which I think is closely related to the question about truth or not of the allegations. But if the allegations were accurate, then what really caused her problem might be that she engaged in unethical behavior and people don't want to employ someone who has engaged in unethical behavior. Doesn't that potentially pose a standing problem for your client? It's the plaintiff's burden to show standing.  plaintiff has to show the harm I suffered is redressable by the relief I'm seeking. And if she's seeking a name clearing hearing and cannot truthfully say and hasn't put in any exterior contracts to my chosen people, if she hasn't established that, then how does she have standing to raise a procedural due process claim? Because there are many things she could do in a name clearing hearing. She could establish that she misunderstood what the relevant rule was. She could establish that this was a long-standing practice and that she thought she was following department protocol. She could have established that there was a connection between one of the contractors and her very boss turnage. She could have established that there was some other kind of relationship among the people, and she could have done the following. She could have mitigated the harm against her by potentially convincing turnage not to go to the press. A name clearing hearing may have permitted her, even if she couldn't completely clear her name, and I'm not sure that she          don't know. I don't know. I don't know. I don't know. I don't know. I don't know. I don't   don't know.      know. I don't know. I don't know. I don't know. I don't know. I don't know. I don't know. I don't know. don't know. I  think it's also fair to judge the stipulation that the district entered into, the stipulation in which it conceded that for her claims, the judge could determine economic damages of $304,000. Again, that could not have been simply for termination because she wasn't entitled to it solely for termination. So I think even they conceded that there was some harm for which she could be compensated as a result of this particular harm. Well, they conceded if the jury found harm, the amount would be stipulated, not that she was harmed. Otherwise, this would not have been a case that went to trial. So the causation question that I'm probing, they conceded nothing of the sort. Okay. Well, I see it differently, but I respect your answer on that. Is there anything, I have very little time left, is there anything else that this court has a question about? Seeing none, your time's up. Okay. Thank you very much. Thank you. Ms. Johnson, we'll give you back two minutes. I want to return to and emphasize the importance of a change in legal status to establish a liberty interest violation. And what this court has done, this court's never looked at a question of whether speech alone can establish that. And if it's going to consider that question, it needs to consider some of the murky questions about how you're going to establish a high enough bar. What this court has held is that it is like losing your bar license. It is like losing your liquor license. It is like losing your security clearance. So you cannot work again in your field. And the court has also said that a step back in your career path is not enough. It said that in O'Donnell. It has said the loss of some employment opportunities is not enough. It said that in Mosery. And in some of those cases, the foreclosure was part of the plus side of the reputation plus, but it's still, the question was the change in legal status. And I think this court has to, at some point, set a bar somewhere for what amounts to a change in legal status and hold at the very least that it hasn't been established here. And it can rely on both sides. What about the, go ahead. I just want to address the issue of whether Ms. Campbell's new job was in fact in her chosen field. I think it's important to note that that argument was forfeited. It was not raised in the post-trial briefing at all. And beyond that, there's no evidence presented to the jury that her new job was not in her chosen field. She didn't testify as to what her chosen field was when she was asked. So you were back in the same industry. She said, yes, I am on the policy side more than the implementation side. She didn't say that was a worse side. She didn't say that wasn't the same field. And obviously, your chosen field can't be I want that job, and therefore, I'm not in my chosen field. So the question this Court is going to be faced with is when she was returned to, when she found employment in her chosen field, by the time of trial, she already was not stigmatized whether she could establish that she was effectively foreclosed to the extent that she had suffered a change in her legal status due to a publication about allegations of misconduct. And what was wrong with, did you object to the judge's instruction to the jury on change in the status? I don't recall. I don't believe we did, but the Supreme Court has held that a failure to object to jury instruction, St. Louis v. Prokhotnik, is immaterial, irrelevant to the question of whether judgment as a matter of law should have been granted before the jury was ever charged. And beyond that, we'd already lost that argument. And so we could have raised the objection, but it would have been a futile objection. The judge had already ruled on what the judge believed the law to be. But even if it was a complete abject failure on our part, St. Louis v. Prokhotnik says that is completely irrelevant to the question before this Court. Thank you. Thank you very much. The case is submitted.
judges: Griffith, Pillard, Edwards